# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ELAINE MCCLAIN, DAVID MCCLAIN,**

      **Plaintiffs,**

**-vs-**                                               **Case No. 6:13-cv-1589-Orl-28DAB**

**SHELTON J. "SPIKE" LEE,**

      **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on Defendant Shelton J. "Spike" Lee's Response to the Court's October 21, 2013 Order to Show Cause why the case should not be remanded for the lack of sufficient amount in controversy. Previously, the Court reviewed the Notice of Removal (Doc. 1) of the negligence complaint filed in state court (Doc. 2), and ordered Defendant to show cause why the action should not be remanded as improvidently removed.

Federal court removal is governed by 28 U.S.C. § 1441(a), which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." Here, Defendant purports to remove the negligence action under the Court's diversity jurisdiction. A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and

the defendants and the amount in controversy requirement is met. *See Owen Equip. and Recreation Co. v. Kroger,* 437 U.S. 365, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978).

Removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of remand."). Any doubt as to proper subject matter jurisdiction should be resolved against removal. The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. *Williams v. Best Buy Company, Inc*., 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. *Williams,* 269 F.3d at 1321.

To meet the amount in controversy requirement, the removing defendant must demonstrate that the amount in controversy likely exceeds the court's jurisdictional threshold:

> Where the complaint does not expressly allege a specific amount in controversy, removal is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed . . . A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.

*Williams,* 269 F.3d at 1319-1320. *See also Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754-55 (11th Cir. 2010) (noting that a removing party may present additional evidence, such as business records and affidavits, to satisfy its jurisdictional burden, but is not required to prove the amount in controversy "beyond all doubt or to banish all uncertainty about it"); *Roe v. Michelin North America, Inc.*, 613 F.3d. 1058 (11th Cir. 2010) (discussing factors for trial court to consider in discerning whether the complaint presents a case that "more likely than not" exceeds $75,000).

Plaintiffs alleged that, on March 23, 2012, Defendant negligently "tweeted" their address as being the address of George Zimmerman, an infamous criminal defendant, since acquitted. The Complaint alleges that "Plaintiffs . . . entered into a Settlement Agreement with Defendant in connection with any claims Plaintiffs had against Defendant as of date March 29, 2012," but "subsequent to March 29, 2012, Plaintiffs . . . suffered substantial injury" from "retweets." (Doc. 2). Plaintiffs' Complaint asserted that the amount in controversy was in excess of $15,000, but claimed no specific amount; thus, the amount in controversy was not facially apparent from the Complaint.

In his Notice of Removal, Defendant points only to the vague and conclusory allegations of damages, and claims the amount in controversy was met "upon information and belief." Because the Notice of Removal failed to demonstrate an amount in controversy exceeding $75,000 by a preponderance of evidence, Defendant was ordered to show cause why the case should not be remanded for lack of a sufficient amount in controversy to support diversity jurisdiction pursuant to 28 U.S.C. §1332. See *Williams,* 269 F.3d at 1319-20 (a conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without underlying facts supporting such an assertion, is insufficient to meet the defendant's burden).

Defendant's counsel has now filed a Response stating that he spoke with Plaintiff's counsel who informed him that "his clients' case had a value, in his opinion of $1,200,000." Doc. 8 ¶ 3. The unsupported expression of an opinion as to the "value of the case" by Plaintiff's counsel does not establish the amount in controversy, especially since the prior claim settled for $10,000.

Because the Court finds that Defendant has not met his burden to show that the amount in controversy meets the jurisdictional minimum, it is respectfully **RECOMMENDED** that the case be **REMANDED** to the state court from which it was removed.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 24, 2013.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy